IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VIOLET CORTEZ, | |
| Plaintiff, | |
| v. | Civil Action No. AW-99-3101 |
| PRINCE GEORGE'S COUNTY *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

Plaintiff Violet Cortez brings this action against Defendants Prince George's County

Department of Corrections, Major Johnson and Ben Yue.[1] Pending before the Court is Plaintiff's

Motion for Relief from Judgment. The Court has reviewed the record and deems no hearing

necessary. For the reasons articulated herein, the Court **DENIES** Plaintiff's Motion for Relief

from Judgment.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

In October of 1999, Plaintiff brought this action after her son, Antonio Cortez committed

suicide while detained at Prince George's County Department of Corrections ("the County").

Plaintiff asserted state law claims for negligence and constitutional violations.  Plaintiff also

asserted federal claims under 42 U.S.C. § 1983 based theories of deliberate indifference.  In

February 2000, Yue moved to dismiss. In late April 2000, the Court granted the motion in part,

dismissing only Plaintiff's federal claims against him. *See* Doc. Nos. 13–14.  Later, the County

and Johnson moved to dismiss and, in November 2000, the Court granted their motion. *See* Doc.

---

[1] Plaintiff apparently sued two other Defendants as well (Saxton and Francis). Evidently, Plaintiff failed
to properly serve these Defendants and, therefore, they were not part of the suit.

Nos. 24–25.  The Court dismissed all of Plaintiff's federal claims as to Johnson and the County. At this point, the Court had dismissed all of Plaintiff's federal claims. Therefore, the Court declined to exercise supplemental jurisdiction over Yue's remaining state law claims. Accordingly, having disposed of all of Plaintiff's claims, the Court dismissed and closed the case. *See id.*

Plaintiff appealed the dismissal of her claims against Johnson and the County. The Fourth Circuit reversed in part, holding that Plaintiff had stated some cognizable claims against Johnson and the County.   The Fourth Circuit's opinion indicates that Plaintiff failed to appeal the dismissal of her claims against Yue. *See Cortez v. Prince George's County, Md.*, 31 Fed.  App'x 123, 125 (4th Cir. 2002).

Subsequently, Johnson and the County moved for summary judgment and, in early February 2003, the Court granted the motion. *See* Doc. Nos. 44–45. Plaintiff failed to appeal the Court's decision. In September of 2012, almost ten years after the Court's decision, Plaintiff filed her Motion for Relief from Judgment. Doc. No. 47. Plaintiff asserts in her Motion that her attorney negligently failed to keep her apprised of developments in the case, and that she was under the impression that the litigation was ongoing.  Finally, in December 2010, Plaintiff consulted someone "familiar with the law" and learned that the case had been closed since February 2003. *See* Doc. No. 47 at 7.

## II.    LEGAL ANALYSIS

Federal Rule of Civil Procedure 60(b) states that a court may relieve a party or legal representative from final judgment for five enumerated reasons or, as Plaintiff alleges, for "any other reason that justifies relief." *See Aiken v. Ingram,* 652 F.3d 496, 500 (4th Cir. 2011) (citing Fed. R. Civ. P. 60(b)(6)).  "While this catchall reason includes few textual limitations, its context

requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief

from judgment does not fall within the list of enumerated reasons given in Rule 60(b) (1-5)." *Id.*

"We have thus required—in addition to the explicitly stated requirements that the motion under

Rule 60(b)(6) be filed on "just terms" and within "a reasonable time"—that the party filing the

motion have a meritorious claim or defense and that the opposing party not be unfairly

prejudiced by having the judgment set aside." *Id.* at 501 (citation omitted).  Generally, a party

can show extraordinary circumstances only if the party is faultless for the delay. *See Pioneer Inv.*

*Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).   Likewise, "a lawyer's

ignorance or carelessness do not present cognizable grounds for relief under 60(b)." *See Evans*

*v. United Life & Acci. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (citations omitted).

In this case, Plaintiff has not shown extraordinary circumstances warranting relief from

the Court's 2003 judgment. Plaintiff's only excuse for not taking action sooner is that her

counsel negligently failed to keep her apprised of developments in the case.   However, under

*Evans*, this is an insufficient justification for relief. Furthermore, Plaintiff's own averments show

that she, as distinguished from her counsel, was not faultless for the delay.  First, Plaintiff states

that, in December 2010, she contacted someone "familiar with the law" and learned that the

Court had dismissed her claims in 2003. However, Plaintiff inadequately explains why she could

not have consulted some such person before 2010. Plaintiff essentially responds that she was

relying on her attorney in the intervening time. But the fact that Plaintiff waited until September

2012 to file her Motion after allegedly first learning in December 2010 of the Court's decision

suggests otherwise.

Nor can Plaintiff show that she filed her Motion within a reasonable time. Plaintiff waited

nearly a decade to move for relief from the Court's judgment. Absent the most extraordinary

circumstances, this amount of time is unreasonable as a matter of law. *Cf. Simmons v. Twin City*, 425 Fed. App'x 401, 403 (5th Cir. 2011). The nearly ten-year delay is also unreasonable because, as explained, Plaintiff has proffered no excuse for her failure to timely file her Motion once she allegedly first learned in 2010 of the Court's judgment. *See Bryant v. Cook*, Civil Action No. 8:12–cv–00319–AW, 2013 WL 388988, at *2 (D. Md. Jan. 30, 2013) (ten-month delay in moving for reconsideration based on vague allegations of "personal issues" too long for 60(b)(6) relief).

Additionally, granting Plaintiff's Motion would unfairly prejudice Defendants. An extraordinary amount of time has passed since the entry of judgment, and Defendants had no reason to believe that Plaintiff would challenge it. Under these circumstances, although requiring litigants to relitigate claims is not always unfair, reopening the judgment would unfairly prejudice Defendants. *See Bryant*, 2013 WL 388988, at *3. It would also frustrate the expeditious and economical administration of justice.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Judgment. A separate Order follows.


<table>
<tr><td>March 4, 2013</td><td>/s/</td></tr>
<tr><td>Date</td><td>Alexander Williams, Jr.<br>United States District Judge</td></tr>
</table>